**Motion Granted and Abatement Order filed July 20, 2017**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-00974-CR
_____

**JOSE LUIS GUTIERREZ-DELACRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1366726**

## ABATEMENT ORDER

Appellant filed a motion to abate stating that portions of the voir dire proceedings were lost due to the court reporter's malfunctioning recording machine and asking this court to abate the appeal and directing the trial court to conduct a hearing under Texas Rule of Appellate Procedure 34.6(f).

Rule 34.6(f) provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f). The motion has been pending for ten days, and no response has been filed. We **GRANT** the motion to abate.

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant portions of the record have been lost or destroyed; (3) whether the lost portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing portions with copies, or (5) if the trial court can determine that the missing portions of the reporter's record can be replaced by agreement. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, by **August 21, 2017**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also

consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM